1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

10
11
12
13
14
15
16
17
18
19
20

FREDDIE BARNES, III,                  )   No. CV 02-9380 SH
                                      )
              Plaintiff,              )   MEMORANDUM OPINION
                                      )   AND ORDER
      v.                              )
                                      )
JOANNE B. BARNHART,                   )
Commissioner of Social Security,      )
                                      )
              Defendant.              )
_____)

21
22
23
24
25
26
27
28

      This matter is before the Court for review of the decision by the Commissioner of

Social Security denying Plaintiff's application for Supplemental Security Income (SSI)

under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*.  Pursuant to 28

U.S.C. § 636(c), the parties have consented that the case may be handled by the

undersigned.  The action arises under 42 U.S.C. § 405(g), which authorizes the Court to

enter judgment upon the pleadings and transcript of the record before the Commissioner.

The plaintiff and the defendant have filed their pleadings, the defendant has filed the

certified transcript of record, and the parties have filed a joint stipulation.  After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

On May 20, 1997, Freddie Barnes filed an application for a period of disability alleging an inability to work, due to obesity [Administrative Record ("AR") at 77-79]. On May 10, 2002, after various administrative proceedings, an Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled within the meaning of the Social Security Act [AR 214-24], and Plaintiff makes three challenges to that decision.

Plaintiff asserts that the ALJ erred (1) in determining whether the Plaintiff's impairments meet or equal Listing 1.02A and/or 1.04C in step three of the sequential analysis; (2) in assessing the residual functional capacity ("RFC") the ALJ failed to properly consider Plaintiff's obesity; and (3) in assessing the RFC the ALJ failed to properly consider Plaintiff's need for ongoing medical treatment as to the Plaintiff's ability to perform work activity.

**OBESITY:**

Plaintiff asserts that the ALJ erred in determining whether the Plaintiff's impairments meet or equal Listing 1.02A and/or 1.04C in step three of the sequential analysis.  Defendant argues that the ALJ properly considered Plaintiff's obesity and that Plaintiff neither alleged nor established any limitations resulting from his obesity.  The Court rejects Defendant's argument.

The Ninth Circuit held that an ALJ should consider obesity as a disabling factor in the sequential analysis, even though not explicitly raised by claimant.  Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. January 20, 2005).  In Burch, the Ninth Circuit provided three reasons: (1) obesity was raised implicitly in the Plaintiff's report of symptoms; (2) the record clearly showed that the Plaintiff's obesity was at least close to the listing criterion, and was a condition that could exacerbate her reported illness; (3) in light of

Plaintiff's pro se status, the ALJ's observation of the Plaintiff and the information on the record should have alerted him to the need to develop the record in respect to her obesity. Id. (citing Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003)).

It is reversible error where the ALJ fails to consider the interactive effects that obesity has on an individual's other impairments and the combined effect of these impairments.  Celaya, 332 F.3d at 1179.  "The ALJ's exclusion of obesity from his analysis is error in that he was addressing an illiterate, unrepresented claimant who very likely never knew that she could assert obesity as a partial basis for her disability. The ALJ always has a 'special duty to fully and fairly develop the record and to assure that the claimant's interests are considered even when the claimant is represented by counsel.'" Id. at 1183 (citing Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.1983)).

In Burch, the record did not indicate that the Plaintiff's obesity exacerbated her other impairments, other than back pain.  There, the Plaintiff was represented by counsel. Burch, 400 F.3d at 682.  In Burch, the ALJ did not err in step three where the ALJ found that the plaintiff's impairments did not meet or equal a listed impairment.  Id. "Equivalence may also be determined if a claimant has multiple impairments, including obesity, none of which meets the listing requirement, but which when viewed in the aggregate are equivalent to a listed impairment."  Id.

"An ALJ will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. The ALJ will evaluate each case based on the information in the case record."  Id.  "An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." Burch, 400 F.3d at 683 (citing Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001)).  The plaintiff in Burch argued that the ALJ erred in not considering obesity in determining whether she meets or equals

a listing impairment, but the plaintiff did not specify which listing she believes she meets or equals.  Further, the plaintiff in Burch did not set forth any evidence which would support the diagnosis and findings of a listed impairment. Id. at 682-683 (citing 20 C.F.R. § 404.1525(d)).  Even on appeal, the plaintiff in Burch did not point to any evidence of functional limitations due to obesity.  Id. at 683. The Ninth Circuit concluded that the ALJ did not commit reversible error by failing to consider Burch's obesity in determining whether she met or equaled the requirements of a listed impairment.  Id.

In the present case, obesity was raised explicitly in the report of symptoms, not implicitly.  [AR 203, 331, 352] The record showed that the Plaintiff's obesity was a condition that could exacerbate his reported problems with his knees and lumbar spine. [AR 203, 331, 352]  The ALJ found that the Plaintiff suffered from status post internal fixation of bilateral tibia fractures near the knees, bilateral osteoarthritis of the knees, and grade I spondylolisthesis of the lumbar spine.  [AR 218] However, the ALJ did not discuss the impact of Plaintiff's obesity in combination with his other impairments. [AR 218-19]  The ALJ's failure to discuss the impact of Plaintiff's obesity fell below the duty to protect claimant's interests even though the Plaintiff was represented by counsel.

As noted, the Plaintiff was represented by counsel, like the plaintiff in Burch. However, the present case is significantly distinguishable from Burch.  For example, unlike the Plaintiff in Burch who failed to cite Listings to the ALJ and on appeal, the Plaintiff, in this action, specifically refers to Listings 1.02A,[1] 1.04C,[2] 1.00(Q),[3] and 1.03.[4]

---

[1]  Listing 1.02A requires "[m]ajor dysfunction of a joint(s) (due to any cause): [c]haracterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s)[,] [w]ith: [i]nvolvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b."  20 CFR Part 404, Subpart P, Appendix 1, Listing of Impairments, 1.02A.

[2]  Listing 1.04C provides, "Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by

(continued...)

[Joint Stipulation "JS" at 7-9]  Further, unlike in <u>Burch</u>, Plaintiff cites two medical opinions as supporting evidence.  [JS 9]  In particular, Plaintiff cites the April 27, 1998 letter from Paul Muchnic, M.D., (regarding plaintiff's weight and arthritis) and the October 8, 2001 report of Richard Dell, M.D.  [AR 203, 352]  Dr. Dell wrote, "If [the Plaintiff] does have a total knee replacement, there is a high likelihood that the total knee would only last ten years or less give patient's significant weight and also his arthritis on his right knee." [AR 352] Plaintiff was noted to weigh over 300 pounds.  <u>Id.</u>   Therefore, the Plaintiff has both specifically cited Listings and supporting evidence, unlike the Plaintiff in <u>Burch</u> who failed to set forth specific listings.

Thus, given the cited medical opinions, the ALJ did not have to "make assumptions" that the Plaintiff's obesity impacted his other impairments.  Furthermore, the cited medical evidence indicates that it increases the severity or functional limitations of Plaintiff's other impairments of the knees and lumbar spine.

Based on the above, the ALJ erred in determining whether the Plaintiff's impairments meet or equal Listing 1.02A and/or 1.04C in step three of the sequential analysis.  The ALJ failed to consider the interactive effects that obesity has on plaintiff's

---

[2] (...continued)
chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b." 20 CFR Part 404, Subpart P, Appendix 1, Listing of Impairments, 1.04C.

[3] 1.00Q. Effects of obesity. Obesity is a medically determinable impairment that is often associated with disturbance of the musculoskeletal system, and disturbance of this system can be a major cause of disability in individuals with obesity. The combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately. Therefore, when determining whether an individual with obesity has a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity, adjudicators must consider any additional and cumulative effects of obesity. 20 CFR Part 404, Subpart P, Appendix 1, Listing of Impairments, 1.00Q.

[4] Listing 1.03 provides, "Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset." 20 CFR Part 404, Subpart P, Appendix 1, Listing of Impairments, 1.03.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

other impairments, and the combined effect of these impairments.  This is reversible error.  The ALJ did not properly consider the Plaintiff's obesity to the extent required based on the record.  Accordingly, the remaining issues are not addressed.

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with this decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

Dated: <u>August 10, 2005</u>


_____/S/_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE